

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2004

# Bowser v. Freehold

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bowser v. Freehold" (2004). *2004 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3386

HAROLD BOWSER,
Appellant

v.

BOROUGH OF FREEHOLD,
a municipal corporation of the State of New Jersey;
WILLIAM BISMARK, individually
and in his capacity as a police
officer with the Borough of Freehold;
DARNELL EASDAILE, individually and in
his official capacity as a police
officer with the Borough of Freehold;
MITCHELL ROTH, individually and in his
official capacity as a police officer
of the Borough of Freehold;
CHARLES WARD, individually and in his
official capacity as a police officer
of the Borough of Freehold;
OFFICER DOES, 1-25
a fictitious name for any other officers
involved within the incident;
MONMOUTH COUNTY PROSECUTORS OFFICE,
a municipal entity of the State of New Jersey

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-03927)
District Judge: Honorable Garrett E. Brown, Jr.

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2004

Before: SCIRICA, <u>Chief Judge</u>, RENDELL and ALARCÓN[1], <u>Circuit Judges</u>.

(Filed May 27, 2004)

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Harold Bowser was arrested on May 5, 1998, when police officers responded to a report of a domestic dispute at his then-wife's home in Freehold, New Jersey. While waiting to escort him from the premises, the officers saw Bowser retrieve a gun from an armoire. After various gun-related charges that had been brought against Bowser were either dropped or dismissed, Bowser sued the Appellees[2] under 42 U.S.C. §1983. The District Court granted summary judgment in favor of the Appellees, and Bowser filed this timely appeal. We will affirm.[3]

As we write solely for the parties, we will only recite those facts that are relevant to the issues before us. Bowser is a Pennsylvania resident. He is licensed to carry a

[1]Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[2]The defendant-appellees include the Borough of Freehold, various individual police officers, and the Monmouth County Prosecutor's Office.

[3]The District Court had jurisdiction over the suit pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order granting summary judgment.

firearm in Pennsylvania, and the gun involved in this dispute was registered in Pennsylvania. At the time of his arrest, Bowser and his former wife were separated. His wife lived in New Jersey, where he would occasionally visit her. Bowser was arrested during a visit after the couple argued, causing his wife to call local police and report a domestic dispute. Three police officers reported to the home, and two of them accompanied Bowser as he collected his belongings and prepared to leave. The officers watched him retrieve a black bag from an armoire, and Bowser admitted that the bag contained his handgun.

The officers restrained Bowser and searched the bag. They found the gun and a Pennsylvania firearms license in Bowser's name. Bowser identified Pennsylvania as his state of residence. The officers subsequently arrested Bowser on various charges related to his possession of a firearm. After the charges were resolved in his favor in the New Jersey state courts, Bowser filed this § 1983 action alleging malicious prosecution. The District Court granted summary judgment in favor of the defendant-appellees, concluding that the officers had probable cause to arrest Bowser, that the Prosecutor's Office had probable cause to prosecute him, and that all parties enjoyed immunity from suit.

In this appeal, Bowser reiterates the arguments that he pressed before the District Court. Specifically, he makes the following five assertions: (1) that the officers lacked probable cause to arrest him; (2) that the officers are not entitled to qualified immunity under the circumstances presented here; (3) that the municipality, through its police

3

department, had an unconstitutional policy or custom that led to the alleged violations of Bowser's rights; (4) that the Prosecutor's Office lacked probable cause to proceed before a grand jury; and (5) that the Prosecutor's Office is not entitled to prosecutorial or qualified immunity. As we will explain briefly below, we reject each of these arguments.[4]

In New Jersey, it is illegal to knowingly possess a handgun without a valid New Jersey carrying permit. N.J. Stat. Ann. § 2C:39-5(b). An exception to this permit requirement exists for a person who possesses a handgun at his "place of business, residence, premises or other land owned or possessed by him . . . ." N.J. Stat. Ann. § 2C:39-6(e). Further, a New Jersey police officer responding to a reported domestic dispute may arrest a person "where there is probable cause to believe that an act of domestic violence has been committed . . . ." N.J. Stat. Ann. § 2C:25-21(b).[5]

In the instant case, the police officers discovered that Bowser possessed a handgun in the context of a domestic dispute. Additionally, they were aware that the gun was licensed in another state, and that its owner was a resident of another state who was only

---

[4]We exercise plenary review over a district court's decision to grant summary judgment. Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004). Viewing the evidence in the light most favorable to the nonmoving party, we will affirm the District Court's order granting summary judgment where no genuine issue as to any material fact exists. See Fed. R. Civ. P. 56(c).

[5]The New Jersey domestic dispute statute also lists instances in which a police officer must arrest a person at the scene of a domestic dispute. For example, an arrest is mandatory where "the victim exhibits signs of injury" or where "there is probable cause to believe that a weapon . . . has been involved in the commission of an act of domestic violence." N.J. Stat. Ann. § 2C:25-21(a).

4

visiting New Jersey.[6] Under these circumstances, the officers certainly had probable cause to arrest Bowser. Not only had they responded to a potential domestic violence situation, but they found a man who possessed a gun without a New Jersey permit while visiting a home that belonged to someone else. Because the officers had probable cause to arrest Bowser, they acted reasonably in bringing charges against him for violating New Jersey's firearms laws, and they are entitled to qualified immunity. Thus, Bowser's first two arguments fail.

With his third argument, Bowser urges us to find that he has stated a cause of action based on a problematic policy or custom whereby New Jersey police officers improperly arrest people who possess guns in the context of domestic disputes. The New Jersey domestic violence statute gives officers broad discretion to arrest people where they suspect that domestic violence has occurred. Further, officers may obviously arrest people who are violating state firearms laws. As we have explained above, Bowser's rights were not violated by the police officers here, so any policy or custom that the officers followed in the instant case was not constitutionally objectionable.

Finally, we are likewise unpersuaded by Bowser's fourth and fifth arguments regarding the actions of the Monmouth County Prosecutor's Office. Based on a

---

[6]Bowser also possessed hollow-point bullets, which are a type of ammunition that is capable of penetrating body armor, in violation of N.J. Stat. Ann. § 2C:39-3(f). The ban on possessing this type of ammunition does not apply to a person who is at his "dwelling, premises, or other land owned or possessed by him . . . ." Id. § 2C:39-3(g)(2).

5

misunderstanding on the part of the prosecutor handling his case, Bowser was only prosecuted for unlawfully acquiring the firearm, in violation of N.J. Stat. Ann. § 2C:58-3, and the other unlawful possession charges were dropped.[7] Given the facts described above, we are convinced that, at the very least, there was probable cause to pursue an unlawful acquisition charge before a grand jury. Moreover, Bowser has offered no evidence showing that this decision to prosecute was made in bad faith or with an improper motive. We therefore conclude that the Prosecutor's Office is entitled to both prosecutorial and qualified immunity for its decision to present the unlawful acquisition charge to a grand jury.

Based on the foregoing discussion, we reject each of Bowser's arguments, and we agree with the District Court's observation that "this case is not even close." Accordingly, we will AFFIRM the District Court's order granting summary judgment in favor of the Appellees.

---

[7]The prosecutor mistakenly believed that Bowser had been arrested in his own home, and that he therefore fell within an exception to the unlawful possession statutes. Thus, the Prosecutor's Office decided to pursue charges of unlawful acquisition in light of the fact that an ATF trace report revealed that the gun had been purchased in Pennsylvania, but did not resolve whether that purchase was legal under New Jersey law.

6